NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4009
_____

THOMAS G. EDDY,

Appellant

v.

THOMAS W. CORBETT, JR.,
Attorney General of the Commonwealth of PA.;
SUSAN H. MALONE,
Chief Deputy Attorney General of the Commonwealth of Pennsylvania

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cv-00575)
District Judge: Honorable David Stewart Cercone

_____

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2010

Before: FUENTES, HARDIMAN and NYGAARD, *Circuit Judges*.

(Filed: May 20, 2010)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Thomas Eddy appeals the District Court's grant of summary judgment in favor of Thomas Corbett and Susan Malone. We will affirm.

I.

Because we write for the parties, we recount only the essential facts.

Thomas Eddy was a Deputy Attorney General (DAG) in the Pittsburgh office of the civil litigation section of the Pennsylvania Office of Attorney General. In October 2003, he was promoted to DAG IV, the highest classification for a staff attorney. In that capacity, Eddy handled complex and important legal issues with limited supervision. He reported to Rodney Torbic, the Chief of Civil Litigation, who in turn reported to Susan Malone, Chief DAG, who reported to Louis Rovelli, the Executive DAG, who in turn reported directly to Attorney General Thomas Corbett.

After becoming Attorney General in January 2005, Corbett expressed an interest in improving the Pittsburgh office, with specific reference to improving compliance with office policies and procedures. Consequently, Malone and Rovelli held meetings with staff attorneys to communicate Corbett's message. At a meeting on April 29, 2005, Eddy claims he expressed concern that Corbett was improperly making employment decisions based on age and politics.

On May 5, Eddy drafted a letter to Rovelli in which he reiterated his complaints. The next day, Malone called Eddy into her office and terminated him. Eddy then handed

Malone the letter and, viewing the facts in a light most favorable to Eddy, exited the room while Malone read it to Corbett over the phone. Eddy was then allowed to gather his belongings before he was escorted out of the building.

Eddy brought this suit against Corbett and Malone under 42 U.S.C. § 1983, claiming they violated his First Amendment rights by terminating him in retaliation for speaking out against co-worker terminations that Eddy believed were improperly motivated by age or political considerations. Corbett and Malone moved for summary judgment, claiming Eddy was a policymaker and, as such, could not satisfy the balancing test established in *Pickering v. Board of Education*, 391 U.S. 563 (1968). The District Court agreed and granted summary judgment for Corbett and Malone. Eddy timely appealed.[1]

## II.

On appeal, Eddy claims in the most cursory fashion that the District Court erred by (1) ruling that he was a policymaker under *Elrod v. Burns*, 427 U.S. 347 (1976) and *Ferrante v. Finkel*, 445 U.S. 507 (1980) and (2) finding no genuine issue of material fact regarding whether he could satisfy the *Pickering/Connick* balancing test.

Under the Federal Rules of Appellate Procedure, appellant's opening brief must include arguments in support of the issues raised on appeal. The argument must contain

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and we have appellate jurisdiction under 28 U.S.C. § 1291.

"appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A); *see also Simmons v. City of Phila.*, 947 F.2d 1042, 1065 (3d Cir. 1991) ("[A]bsent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations."). Cursory treatment of an issue does not suffice. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) ("It is also well-settled . . . that casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal."). Eddy's brief falls well short of Rule 28's low bar.

The argument section of his brief is three paragraphs long, comprising less than two pages. The second paragraph is the closest thing to an argument, claiming the District Court erred in finding Eddy was a policymaker under *Tomalis v. Fisher*, 45 F. App'x 139, 145 (3d Cir. 2002). Significantly, however, Eddy neither provides any factual basis to support this proposition nor attempts to explain why his case differs from *Tomalis*. The remainder of Eddy's brief consists of conclusory statements and an attempt to incorporate by reference arguments made in the District Court, neither of which satisfies Rule 28. *Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) ("[A]n argument consisting of no more than a conclusory assertion . . . (without even a citation to the record) will be deemed waived."); *Southwestern Pa. Growth Alliance v. Browner*, 121 F.3d 106, 122 (3d Cir. 1997) (explaining that incorporation by reference is only allowed when the argument is fully developed in an intervenor's brief, not with reference to

4

arguments raised below). For example, the final paragraph argues that there was a genuine issue of material fact in the *Pickering/Connick* balancing test because Eddy was not a policymaker. But it makes no effort to explain why Eddy was not a policymaker and fails to cite *Pickering*, *Connick*, or the record.[2]

Given the patent inadequacy of his appellate brief, we hold that Eddy waived his right to challenge the District Court judgment on appeal. Accordingly, we will dismiss Eddy's appeal.

---

[2] Even if this issue were properly presented, the District Court did not err in finding that Eddy was a policymaker. His position is specifically excluded from the civil service laws, 71 Pa. Stat. Ann. § 741.3(c)(5), and his job description includes "rendering legal services of great complexity and importance" while working independently and supervising others. Because we would find that Eddy was a policymaker, we would also find that he could not satisfy the *Pickering* balancing test. *See Curinga v. City of Clairton*, 357 F.3d 305, 312 n.5 (3d Cir. 2004). Therefore, we would affirm the District Court on the merits even had Eddy complied with Rule 28.